IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| KENNETH EUGENE LOVEJOY, § <br> A.K.A. Kenneth Eugene Weitzel, II, § <br> TDCJ-CID #1353411, § <br> Gray County ID #012054, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> RICK J. HARRIS and W. CLINT BARKLEY, § <br> § <br> Defendants. § | 2:06-CV-0013 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff KENNETH EUGENE LOVEJOY, A.K.A. Kenneth Eugene Weitzel, II, acting *pro se* and while a prisoner incarcerated in the Gray County Jail[1], has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff complains the two defendants violated his constitutional rights by committing "malpractice and client neglect." Plaintiff explains that defendant HARRIS was court-appointed counsel whom he replaced with defendant BARKLEY. Plaintiff is dissatisfied with the representation he received from each of these attorneys. Plaintiff requests an award of $250,000.00 for mental anguish and his loss of liberty and also requests a refund of the monies he paid to defendant BARKLEY.

---

[1] Plaintiff has since been transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutions Division.

Two elements are necessary for recovery in a suit asserted under Title 42, United States Code, section 1983: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law[2], usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Neither retained counsel, defendant BARKLEY, nor court-appointed counsel, defendant HARRIS, was a state actor *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985)(retained counsel not a state actor), *McCoy v. Gordon*, 709 F.2d 1060, 1062 (5th Cir. 1983), *cert. denied*, 472 U.S. 1030, 105 S.Ct. 3507, 87 L.Ed.2d 637 (1985); *United States ex rel Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) *(per curiam)*(court-appointed attorney not a state actor); and plaintiff's allegations show he cannot allege any fact to supply the requirement of state action.

Consequently, it is clear plaintiff cannot allege facts which will state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff KENNETH EUGENE LOVEJOY, A.K.A. Kenneth Eugene Weitzel, II, is DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

---

[2] The "color of law" inquiry centers on whether a person who is affiliated with a state government or its political subdivision has used his position to deprive another of his constitutional rights. "[T]he nature of the act performed, not the clothing of the actor or even the status of [the party] . . ., determines whether the officer has acted under color of law." *Colon v. Lomelo*, 575 F.Supp. 664, 667 (S.D.Fla. 1983) (quoting *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D. Pa. 1968)). Action taken "under color of" state law is not limited only to that action taken by state officials pursuant to state law. *Monroe v. Pape*, 365 U.S. 167, 185, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). It encompasses "[m]isuse of power, possessed by virtue of stat law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Id.* at 184, 81 S.Ct. at 482.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 15th day of August, 2006.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE